**GREEN TREE SERVICING, LLC (as Substitute Plaintiff for Conseco Finance Servicing Corp.), Respondent,**

v.

**Tim R. WARD and Bonnie E. Ward, Appellants.**

**No. WD 65082.**

Missouri Court of Appeals, Western District.

June 30, 2006.

Randy K. Sparks, Sedalia, MO, for respondent.

Sean P. Pilliard, Sedalia, MO, for appellants.

Before EDWIN H. SMITH, C.J., and SPINDEN and HARDWICK, JJ.

### Order

PER CURIAM.

Tim R. and Bonnie E. Ward appeal the judgment of the Circuit Court of Pettis County for the respondent, Green Tree Financial Servicing Corporation, on Counts III, IV and V of the respondent's amended petition. In Count III of its amended petition, the respondent sought to evict the appellants from their home, based upon a judicial foreclosure for breach of a deed of trust securing a promissory note for a loan from a predecessor in interest on the appellants' home. In Count IV, the respondent sought to reform the deed of trust to correct the legal description. In Count V, the respondent sought to foreclose on the appellants' home for breach of the deed of trust, as reformed.

The appellants raise three points on appeal. In Point I, they claim that the trial court erred in entering judgment for the respondent on Count IV of the respondent's amended petition, for reformation of the deed of trust, because the record is insufficient to show, by clear, cogent and convincing evidence, as required by law, that prior to the execution of the deed of trust in question, there was an agreement between the parties to the deed to encumber the appellants' home by the deed of trust. In Point II, they claim that the trial court erred in entering judgment for the respondent on Count IV of the respondent's amended petition, for reformation of the deed of trust, because the record is insufficient to show, by clear, cogent and convincing evidence, as required by law, that the mistake in the deed of trust, as to the legal description of the property, was

mutual. In Point III, they claim that the trial court erred in entering judgment for the respondent on Count V, for judicial foreclosure, and Count III, for eviction based on judicial foreclosure. Point III is contingent on our finding for the appellants on either Point I or Point II, attacking the validity of the reformation of the deed of trust. The appellants claim that if the trial court's reformation of the deed of trust is found not to be valid, then it was error to order the foreclosure on their home and their eviction.

We affirm, pursuant to **Rule 84.16(b)**.